No. 71,564

In the Matter of BRIAN J. SHULTZ, *Respondent.*
(883 P.2d 779)

Opinion filed October 28, 1994.

*Martha M. Snyder,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, was with her on the formal complaint for the petitioner.

*Brian J. Shultz,* respondent, argued the cause pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Brian J. Shultz, an attorney admitted to the practice of law in the State of Kansas.

The formal complaint filed against respondent consisted of three counts and alleged violations of MRPC 1.1 (competence) (1993 Kan. Ct. R. Annot. 258); 1.2 (representation) (1993 Kan. Ct. R. Annot. 260); 1.3 (diligence) (1993 Kan. Ct. R. Annot. 263); 1.4 (communication) (1993 Kan. Ct. R. Annot. 267); 1.5 (fees) (1993 Kan. Ct. R. Annot. 270); 1.6 (confidentiality) (1993 Kan. Ct. R. Annot. 274); 1.7 (conflict of interest) (1993 Kan. Ct. R. Annot. 278); 1.16 (declining or terminating representation) (1993 Kan. Ct. R. Annot. 304); 3.2 (expediting litigation) (1993 Kan. Ct. R. Annot. 313); 4.1 (truthfulness in statements to others) (1993 Kan. Ct. R. Annot. 327); and 8.4 (misconduct) (1993 Kan. Ct. R. Annot. 347); and Supreme Court Rule 207 (cooperation with complaint process) (1993 Kan. Ct. R. Annot. 170).

The matter was submitted to a panel of the Kansas Board for Discipline of Attorneys. The panel found, as to Count I:

"Complainant Paul Dodd consulted with Respondent in connection with injuries allegedly received in an automobile accident. Complainant perceived that Respondent would represent him in connection with traffic citations arising out of the accident and in connection with a claim for personal injuries. Respondent contends that he undertook to limit his representation of the Complainant, indicating that he would simply advise the Complainant and assist him with regard to obtaining medical benefits under Complainant's personal injury protection coverage. Respondent specifically denies that he formally undertook to represent

the Complainant in connection with the traffic violations or a personal injury claim, but acknowledges that he did not communicate to the claimant the specifics of his reasons for not undertaking such representation."

The panel was unable to find that "Respondent undertook the formal representation of the Complainant." However, he did enter into a limited relationship which required that he provide proper communication. The panel found by clear and convincing evidence that respondent violated MRPC 1.4 (communication).

As to Count II, the panel found:

"Count II involves allegations of social contacts with Complainant Alice Dodd, which allegedly gave rise to possible conflicts of interest, and further contains allegations concerning confidentiality matters and termination of representation and surrender of papers to the Complainant."

The panel concluded respondent failed to return to the complainant a file, which failure violated MRPC 1.16 (termination of representation).

As to Count III, the panel found:

"This count concerns the Respondent's failure to respond to notices regarding this complaint and a total failure to cooperate at any stage of the complaint process. Respondent, in his Answer and in his statements and testimony before this Panel, admits and acknowledges that he has completely failed to respond and otherwise cooperate at all stages of the complaint process, with the exception of appearing for this hearing and filing an Answer."

The panel concluded by clear and convincing evidence that respondent violated Supreme Court Rule 207 (cooperation with the complaint process).

The panel further found:

"There does not appear to be a pattern of misconduct with regard to the underlying complaints, but the Panel does note a repeat of the Respondent's failure to respond to the complaint herein and to cooperate in the disciplinary process. The Panel does not find any 'bad faith obstruction' of the disciplinary process, but it appears obvious that the Respondent suffers from some psychological dysfunction which prevents him from dealing with the complaints and becoming involved in the process. . . .

"With regard to mitigating circumstances the Panel notes the absence of any dishonest or selfish motive; the Respondent's cooperation during the hearing and his acknowledgement and admission with respect to certain of the alleged violations; the Respondent's inexperience in the practice of law at the time of the complained of events; and the [Respondent's] apparent sincere statement of remorse regarding the conduct underlying the violations found above."

The panel recommended that respondent be publicly censured pursuant to Supreme Court Rule 203(a)(3) (1993 Kan. Ct. R. Annot. 162) and that costs be assessed to respondent.

Respondent filed no exceptions to the report of the panel.

The court, having considered the record herein and the report of the panel, accepts and concurs in the findings, conclusions, and recommendations of the hearing panel.

IT IS THEREFORE ORDERED that Brian J. Shultz be and he is hereby disciplined by censure in accordance with Supreme Court Rule 203(a)(3) for his violations of the Model Rules of Professional Conduct.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to respondent and that this order be published in the official Kansas Reports.