Bar Docket No. 14677

IN THE MATTER OF BRIAN J. SHULTZ, *Respondent.*
(895 P.2d 603)

By letter dated May 2, 1995, and transmitted by facsimile machine to the Clerk of the Appellate Courts, respondent Brian J. Shultz, of Lawrence, voluntarily surrendered his license to practice law in the State of Kansas pursuant to Supreme Court Rule 217 (1994 Kan. Ct. R. Annot. 215).

On October 28, 1994, this court publicly censured respondent following a formal hearing held March 30, 1994, on a three-count complaint. *In re Shultz*, 256 Kan. 196, 883 P.2d 779 (1994). The court considered and accepted the hearing panel's recommendations, finding violations of MRPC 1.4 (1994 Kan. Ct. R. Annot. 302) and 1.16 (1994 Kan. Ct. R. Annot. 338), and Supreme Court Rule 207 (1994 Kan. Ct. R. Annot. 199).

At a prior formal hearing on another matter, held November 30, 1993, respondent was informally admonished by the panel for violations of MRPC 1.3 (1994 Kan. Ct. R. Annot. 297) and 1.4, and Supreme Court Rule 207.

At a subsequent formal hearing on yet another matter, held November 28, 1994, the panel found violations of MRPC 1.3; 1.4; 3.2 (1994 Kan. Ct. R. Annot. 347); and 3.3 (1994 Kan. Ct. R. Annot. 348); and Supreme Court Rule 207. The panel recommended suspension from the practice of law for one year and reinstatement only after that time and fulfillment of three conditions: a psychological report confirming that respondent is psychologically suited for readmission to the practice of law, completion of a law office management and/or client relations seminar, and passing the multistate ethics exam.

Another formal hearing is scheduled for May 18, 1995. The formal complaint alleges violations of MRPC 1.1 (1994 Kan. Ct. R. Annot. 292); 1.2 (1994 Kan. Ct. R. Annot. 295); 1.3; 1.4; 1.5 (1994 Kan. Ct. R. Annot. 306); 1.15 (1994 Kan. Ct. R. Annot. 332) (including theft of client trust funds); 1.16; 3.2; 4.1 (1994 Kan. Ct. R.

Annot. 360); 7.1 (1994 Kan. Ct. R. Annot. 370); 7.5 (1994 Kan. Ct. R. Annot. 375); 8.1 (1994 Kan. Ct. R. Annot. 376); and 8.4 (1994 Kan. Ct. R. Annot. 379); and Supreme Court Rules 207 and 208 (1994 Kan. Ct. R. Annot. 203), and requests restitution and disbarment.

In yet another docketed complaint, respondent is accused of abandoning his client and missing the statute of limitations in a civil lawsuit. There is a corresponding legal negligence suit pending in Shawnee County District Court, Division 7, *Timothy Chambers v. Brian J. Shultz*, case No. 95-CV-191.

This court, after due consideration, finds that it is in the best interest of the legal profession and the public to accept respondent's voluntary surrender of his license to practice law in Kansas and that respondent's certificate to practice law should be canceled and declared void.

IT IS THEREFORE ORDERED that Brian J. Shultz be and he is hereby disbarred from the practice of law in the State of Kansas and his license and privilege to practice law are hereby revoked.

IT IS FURTHER ORDERED that the Clerk of the Appellate Courts strike the name of Brian J. Shultz from the roll of attorneys licensed to practice law in the State of Kansas.

IT IS FURTHER ORDERED that this order shall be published in the Kansas Reports, that the costs herein be assessed to respondent, and that respondent forthwith shall comply with Supreme Court Rule 218 (1994 Kan. Ct. R. Annot. 217).